UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
THOMAS GRAY,

                                **Plaintiff,**                               **COMPLAINT**

                 -against-                               **PLAINTIFF DEMANDS**
                                                                                    **A TRIAL BY JURY**

THE CITY OF NEW YORK & POLICE OFFICER
TASHIDA WILSON & JOHN DOE POLICE
OFFICER #1-2,

                                **Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Plaintiff, by his attorneys, GIORDANO LAW OFFICES, PLLC, complaining of Defendants respectfully alleges, upon information and belief:

### PRELIMINARY STATEMENT

      1.    Plaintiff brings this action pursuant to 42 U.S.C. §1983 *et. seq.* for an incident of police misconduct and deprivation of protected rights, including those rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, that transpired on or about December 1, 2012 when police officers employed by the CITY OF NEW YORK wrongfully detained, arrested and falsely imprisoned Plaintiff THOMAS GRAY.

      2.    On or about December 1, 2012 at approximately 5:30 p.m., Plaintiff was test driving a car in Bronx County, New York. The car was equipped with a car dealer license plate, and the car dealer sat beside him in the passenger's seat. Near the intersection of 162nd Street and Melrose Avenue, Plaintiff was pulled over by Defendants POLICE OFFICER TASHIDA WILSON (hereinafter "Wilson") and JOHN DOE POLICE OFFICER #1-2. Defendant WILSON approached the car and asked Plaintiff for his identification. Flustered, Plaintiff initially pulled his public benefits card out of his wallet by mistake. Defendant WILSON

became irate and began screaming at Plaintiff.  Plaintiff explained to Defendant WILSON that he had accidentally grabbed the wrong card and that he had his license right next to it in his wallet.  Defendant WILSON continued screaming and swearing at Plaintiff and ordered him out of the car.  Plaintiff repeatedly asked Defendant WILSON why he had been pulled over and Defendant WILSON refused to answer, yet Plaintiff fully complied with all of her requests and exited the car.

3. Defendants JOHN DOE POLICE OFFICERS #1-2 then, without probable cause or justification, searched Plaintiff, removing all of the contents of Plaintiff's pockets and placing them on the car.  Defendants JOHN DOE POLICE OFFICERS #1-2 removed Plaintiff's keys from his pocket, attached to which was a pill box containing Plaintiff's prescription medication.  Defendant WILSON opened the pill box and looked through the medication.  Plaintiff stated that he had a prescription for the medication that he could easily verify, yet Defendant WILSON refused to listen, stating that he could "verify it to the judge."

4. Defendants WILSON and JOHN DOE POLICE OFFICERS #1-2 then proceeded to arrest Plaintiff and took him to the 44th Precinct.  Plaintiff was held overnight and was not released until the following morning.

5. Plaintiff was later told that he was arrested for possession of a controlled substance, but the District Attorney declined to prosecute him.

6. Almost $2500, which Plaintiff was carrying with him in order to pay for the car, was seized from Plaintiff at the time of his arrest and not returned until almost three weeks later.

**JURISDICTION AND VENUE**

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that this action arises under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United

States Constitution. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because Defendant THE CITY OF NEW YORK resides in the District. Additionally, all Defendants are subject to personal jurisdiction in this District and the acts complained of occurred within this District.

9. Prior to the commencement of this action, and within ninety days after the instant claim arose, Plaintiff caused a Notice of Claim in writing to be served upon the Defendant CITY OF NEW YORK on January 30, 2013, by delivering to and leaving the same with the New York City Comptroller's Office, in like manner as the service of a summons in the District Court, which said Notices of Claim set forth the name and post office address of Plaintiff and his attorney, the nature of, time when, place where, and manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable.

10. Over thirty days have elapsed since the service of such Notice of Claim and the Defendant THE CITY OF NEW YORK has failed to settle or adjust this matter.

11. This action was commenced within one year and ninety days after the cause of action herein accrued.

**THE PARTIES**

12. At all relevant times, Plaintiff was and is a resident of New York County, New York.

13. At all times relevant hereto, Defendants POLICE OFFICER TASHIDA WILSON and JOHN DOE POLICE OFFICERS #1-2 acted in their official capacities, and were

employees, agents, or servants of the defendants THE CITY OF NEW YORK, acting under color of state law, within the meaning of 42 U.S.C. § 1983.

14. Defendants WILSON and JOHN DOE POLICE OFFICERS #1-2 are employees acting within the scope of their employment as officers of the New York City Police Department.

15. Defendant the CITY OF NEW YORK was and is a municipal corporation organized and existing under and pursuant to the laws of the State of New York. At all relevant times, Defendant the CITY OF NEW YORK acted through their employees, agents and/or servants, including the individually named Defendants herein, who at all relevant times acted within the course and scope of their employment.

## AS AND FOR A FIRST CLAIM PURSUANT TO 42 U.S.C. § 1983 BY PLAINTIFF AGAINST POLICE OFFICER TASHIDA WILSON AND JOHN DOE POLICE OFFICERS #1-2

16. Plaintiff repeats, reiterates and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

17. Defendants POLICE OFFICER TASHIDA WILSON and JOHN DOE POLICE OFFICERS #1-2, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, falsely arrested and imprisoned Plaintiff. Defendants physically and forcibly detained and handcuffed Plaintiff and held him under arrest.

18. As a result of the aforementioned occurrence, Defendants JOHN DOE POLICE OFFICERS #1-2, acting under color of state law, violated 42 U.S.C. § 1983 and deprived Plaintiff THOMAS GRAY of his rights secured under the Fourth and Fourteenth Amendment of

the Constitution of the United States and the Constitution and Art. 1, § 12 of the State of New York including those rights provided by the Fourth and Fourteenth amendments, the right not to be deprived of life, liberty, and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and constitutions of the United States and the State of New York.

19. As a result of the foregoing, Plaintiff THOMAS GRAY was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

20. As a result of the foregoing, Plaintiff THOMAS GRAY demands monetary damages against Defendants WILSON and JOHN DOE POLICE OFFICERS #1-2 and is further seeking punitive damages against Defendants WILSON and JOHN DOE POLICE OFFICERS #1-2 in an amount to be determined by a jury.

**AS AND FOR A SECOND CLAIM OF FALSE ARREST AGAINST ALL DEFENDANTS**

21. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

22. On or about December 1, 2012 Defendants, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, falsely arrested and imprisoned Plaintiff.

23. As a result of the foregoing, Plaintiff was caused to suffer bodily harm, loss of liberty and life, substantial physical, emotional, mental and psychological pain as a result thereof, and was otherwise injured.

24. As a result of the foregoing, Plaintiff THOMAS GRAY demands monetary against Defendants POLICE OFFICER TASHIDA WILSON and JOHN DOE POLICE OFFICERS #1-2

and the CITY OF NEW YORK and are further seeking punitive damages against Defendants POLICE OFFICER TASHIDA WILSON and JOHN DOE POLICE OFFICERS #1-2 in an amount to be determined by jury.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

a.  Compensatory damages;

b.  Punitive damages against Defendants TASHIDA WILSON and JOHN DOE POLICE OFFICERS #1-2;

c.  The convening and empaneling of a jury to consider the merits of the claims herein;

d.  Costs and interest and attorney's fees;

e.  Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
April 24, 2013

Yours, etc.,

Giordano Law Offices
*Attorney for Plaintiff*

By:_____
226 Lenox Avenue
New York, NY 10027
(212) 406-9466